**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-387-JBC**

**PHYLLIS A. BLUST, ET AL.,**                                                    **PLAINTIFFS,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**BEREA COLLEGE,**                                                          **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant's motion for summary

judgment. The court, having reviewed the record and being otherwise sufficiently

advised, will grant the motion.

**Facts**

Berea College ("Berea") owns property in Madison County, Kentucky. On this

property is a cliff-overhang high enough to look down on the tops of mature trees.

It is known locally as the Rock.  On August 17, 2003, Jessica Phelps, her husband

Matthew Phelps, and two of their friends visited the property. Both Mr. and Ms.

Phelps were familiar with the Rock, having visited it the week before. When the

group arrived on the 17th, Ms. Phelps removed her sandals and climbed barefoot to

the top of the cliff, five or six feet from the edge. Soon after her ascension, Ms.

Phelps started to turn, slipped, and fell off the side to her death.

There is no fence prohibiting public access to the Rock, there are no signs

warning of any potential hazard, and there are no signs that prohibit trespassing. In

this action, the plaintiffs allege that the defendant was negligent for failing to post

signs to prohibit trespassing, for failing to keep others off the property, and for
failing to warn about the danger of falling off the Rock.

**Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that the moving party is
entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[T]he mere
existence of *some* alleged factual dispute between the parties will not defeat an
otherwise properly supported motion for summary judgment; the requirement is
that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 247-48 (1986).  "With the benefit of having all evidence and
justifiable inferences drawn from such evidence in its favor, the nonmoving party
'must set forth specific facts showing that there is a genuine issue,' such that a
jury could reasonably find for the nonmoving party."  *AutoZone, Inc. v. Tandy
Corp.*, 373 F.3d 786, 792 (6th Cir. 2004) (internal citations omitted).

**Analysis**

The tort of negligence requires the plaintiff to prove 1) that the defendant
had a duty of care; 2) a breach of duty; and 3) consequent injury. *Mullins v.
Commonwealth Life Ins.*, 839 S.W.2d 245, 247 (Ky. 1992); *M &T Chemicals Inc.
v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974). A failure to establish any of these
elements is fatal to the claim. *M &T Chemicals Inc.*, 525 S.W.2d at 741. Berea

2

argues that it is entitled to summary judgment because the risk of falling off the cliff was open and obvious so as to preclude a duty on its part.[1]

**Open and Obvious**

A landowner has no duty to warn or otherwise make land safe where a dangerous condition is so open and obvious that the victim could have discovered it with the exercise of ordinary care. *E.g. Standard Oil Co. v. Manis*, 433 S.W.2d 856, 859 (Ky. App. 1968); *Dixon v. CSX Transp., Inc.*, 947 F.Supp. 296, 297 (E.D. Ky. 1996) *aff'd* 134 F.3d 370. *See also  Perry v. Williamson*, 824 S.W.2d 869, 874 (Ky. 1992)*; Louisville v. Silcox*, 977 S.W.2d 254, 258 (Ky. App. 1998).

In *Standard Oil*, the plaintiff was injured when he fell on an icy walkway owned by the defendant. Holding that the defendant was not negligent, the Kentucky Court of Appeals noted that the dangerous condition was created by natural elements, outside, and exposed by full daylight. The plaintiff was also familiar with the area, and fully aware of the accumulation of ice and snow. In the face of an open and obvious danger, the court held that plaintiff should have proceeded with commensurate caution. Therefore, the defendant did not breach a duty for failing to make the walkway absolutely safe or for failing to issue a warning about icy conditions. *Standard Oil*, 433 S.W.2d at 859.

---

[1] Berea also argues that Ms. Phelps was a trespasser to whom no duty of care was owed. Alternatively, it argues that it is protected by Kentucky's Recreational Use Statute, K.R.S. § 411.190. Because the danger was "open and obvious" and Berea is entitled to summary judgment, the court will not consider these other arguments.

In *Dixon*, a tenth-grader ("Robby") drowned after jumping from a forty-one-foot-tall concrete platform into a creek. The accident occurred on private property. However, it was acknowledged that the area was popular with local swimmers. Although the defendant argued that it had posted a no-trespassing sign, the plaintiffs – Robby's parents – argued that Robby never saw the sign. Nor was it explained why Robby drowned, as he had made several successful jumps that same day. However, the court awarded summary judgment to the defendant, holding that the danger of jumping from a height into an unknown body of water was open and obvious. *Dixon*, 947 F.Supp. at 297.

In this case, the plaintiffs argue that there is an issue of material fact as to whether the danger of falling off the Rock was open and obvious. This argument is not in accord with *Standard Oil* or *Dixon*. Nor does it comport with the deposition of one of Ms. Phelps's friends, who admitted that she considered the edge of the Rock to be dangerous. (Dep. of Holly Rentz, 23:12-25, 24:1-5). The Rock is a natural cliff of sufficient height to look down on the tops of mature trees. Ms. Phelps was familiar with the area and was aware that she was standing on the edge of a cliff.[2] As a matter of law, the danger of slipping and falling from the edge of a such a cliff is open and obvious to one exercising ordinary care. The defendant had no duty to warn of such a danger, nor did it have a duty to make the property

---

[2] Even if Ms. Phelps was not subjectively aware that she was standing on the edge of a cliff, she should have been aware that she was standing on the edge of a cliff as was obvious to her friend, Ms. Rentz.

4

absolutely safe. Therefore, the defendant is entitled to summary judgment.

Accordingly,

   **IT IS ORDERED** that the defendant's motion for summary judgment (DE 14)

is **GRANTED**.

Signed on January 4, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY